| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Sammy Zreik, Esq 249020<br>Whitbeck, Kooshki & Zreik LLP<br>21515 Hawthorne Blvd. Suite 1130<br>Torrance, Ca 90503<br>888-972-9477<br>sammy.zreik@wkzlaw.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re: | CASE NO.: 2:24-bk-11246-NB |
|---|---|
| | CHAPTER: 13 |
| BENJAMIN SETH NACHIMSON | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 03/05/2024<br>TIME: 10:00 am<br>COURTROOM: 1545 |

**Movant:** L2 Realty Group LLC

1. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _03/05/2024_  and (*time*) _10:00 am_  ; and, you may appear at the hearing.

   a. ☒ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: _03/01/2024_

Whitbeck, Kooshki & Zreik LLP
Printed name of law firm (if applicable)

Sammy Zreik, Esq
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 2                    F 4001-1.RFS.UD.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

**1. Movant is the:**

     a. ☒ Owner of the Property
     b. ☐ Authorized Agent of the owner of the Property
     c. ☐ Other (*specify*):

**2. The Property at Issue (Property):**

     Type of Property: ☒ Residential ☐ Nonresidential

     *Street Address*: 9017 Cresta Dr.
     *Unit/Suite Number*:
     *City, State, Zip Code*: Los Angeles, Ca 90035

**3. Bankruptcy Case History:**

     a. ☒ A voluntary ☐ An involuntary   petition under chapter   ☐ 7 ☐ 11 ☐ 12 ☒ 13
        was filed on (*date*):

     b. ☐ An order to convert this case to chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
        was entered on (*date*):

     c. ☐ A plan was confirmed on (*date*):

**4. Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

     a. ☒ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

        (1) ☒ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

        (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

        (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

        (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

**5. Grounds for Relief from Stay: (*check all that apply*)**

     a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

        (1) ☒ Movant caused a notice to quit to be served on the Debtor.

        (2) ☐ An unlawful detainer proceeding was commenced on (*date*) _____.

        (3) ☒ An unlawful detainer judgment was entered on (*date*) _01/08/2024_ .

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*           Page 3           **F 4001-1.RFS.UD.MOTION**

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☒ The lease or other right of occupancy expired by its terms on (*date*) _07/01/2023_.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

(5) ☒ The bankruptcy case was filed in bad faith:

(A) ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☒ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          F 4001-1.RFS.UD.MOTION

7. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

    a.  The UNLAWFUL DETAINER DECLARATION on page 7.

    b.  ☐ Supplemental declaration(s).

    c.  ☐ Other *(specify)*:

**Movant requests the following relief.**

1. Relief from stay pursuant to:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☒ Confirmation that there is no stay in effect.

4. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
    ☒ without further notice.
    ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☒ without further notice.
    ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☒ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.

   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: 03/01/2024

                        Whitbeck, Kooshki & Zreik LLP
                        Print name of law firm (*if applicable*)

                        Sammy Zreik, Esq
                        Print name of individual Movant or attorney for Movant (*if applicable*)

                        Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) Ricardo Talamantes _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding Movant's interest in the Property because (*specify*):

    a.  ☐  I am the Movant and owner of the Property.

    b.  ☒  I manage the Property as the authorized agent for the Movant.

    c.  ☐  I am employed by Movant as (*title and capacity*):

    d.  ☐  Other (*specify*):

2.  a.  ☐  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (see attached):

3.  The Property is:

    ☒ Residential   ☐ Nonresidential

    *Street Address*: 9017 Cresta Dr.
    *Unit/Suite Number*:
    *City, State, Zip Code*: Los Angeles, Ca 90035

4.  Movant is the  ☒ legal owner of the Property, or  ☐ the owner's legally authorized agent.  A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit _____.  A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5.  The Debtor asserts a possessory interest in the Property based upon:

    (1)  ☐  a month-to-month tenancy

    (2)  ☒  a lease that is in default

    (3)  ☐  after a foreclosure sale that was held on (*date*): _____.

    (4)  ☐  other (*specify*):

6.  The Debtor failed to pay:

    a.  ☒  The monthly rent of $ 15,500.00 _____ beginning on (*date*): 07/01/2023 .

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 7                          F 4001-1.RFS.UD.MOTION

b. ☐ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☐ Other obligations (*specify*):

7. Procedural status

a. ☒ The lease matured or was rejected on (*date*) 09/14/2023  :

    (1) ☒ by operation of law.

    (2) ☐ by order of the court.

b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) 09/11/2023 , and a true and correct copy is attached as Exhibit 1  .

c. ☒ Before the bankruptcy petition was filed:

    (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) 09/19/2023 , and a true and correct copy is attached as Exhibit ____.

    (2) ☒ Trial was held on (*date*) 01/08/2024 .

    (3) ☐ Trial was continued to (*date*) _____.

    (4) ☒ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) 01/08/2024 , and a true and correct copy is attached as Exhibit 2  .

    (5) ☒ A writ of possession for the Property was issued on (*date*) 01/24/2024 , and a true and correct copy is attached as Exhibit 3  .

d. After the bankruptcy petition was filed:

    (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

        (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit ____. A hearing on this objection is set for (*date*) _____.

        (B) ☐ Movant has not filed and served an objection.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014               Page 8             **F 4001-1.RFS.UD.MOTION**

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ____. A hearing on this objection is set for: _____.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

a. ☒ Residential, and is not producing income for the Debtor.

b. ☐ Commercial, but no reorganization is reasonably in prospect.

c. ☐ No longer property of the estate.

d. ☐ Other (specify):

10. ☒ The bankruptcy case was filed in bad faith:

a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (specify):

11. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:

(1) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was ☐ was not  granted.

(2) Case name: _____
Chapter: _____   Case number: _____
Date filed: _____   Date discharged: _____   Date dismissed: _____
Relief from stay regarding the Property ☐ was ☐ was not  granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(3) Case name: _____

Chapter: _____    Case number: _____

Date filed: _____    Date discharged: _____    Date dismissed:_____

Relief from stay regarding the Property ☐ was ☐ was not granted.

☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

☒ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors. *See Attached Ex #4*

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/01/2024 | Ricardo Talamentes | /s/ Ricardo Talamentes |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 10    F 4001-1.RFS.UD.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                *Printed Name*                  *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**EXHIBIT # 1**

## NOTICE TO PAY RENT OR QUIT

**TO: 9017 CR DR LLC, Benjamin Nachimson**

**AND ALL OTHERS IN POSSESSION:**

**WITHIN THREE DAYS,** after the service on you of this notice, you are hereby required to pay the delinquent rent of the premises herein after described, of which you now hold possession, as follows:

$15,500.00   **FROM:** July 1, 2023   **TO:** July 31, 2023
$15,500.00   **FROM:** August 1, 2023   **TO:** August 31, 2023
$15,500.00   **FROM:** September 1, 2023   **TO:** September 30, 2023

Or you are hereby required to deliver up possession of the hereinafter described premises, within three days after service on you of this notice, Ricardo Talamantes of L2 Realty Group Inc., who/which is authorized to receive the same, or legal proceedings will be instituted against you to declare the forfeiture of the lease or rental agreement under which you occupy the herein below described property and to recover possession of said premises, to recover all rent past due, to recover court costs, attorneys fees as permitted by law, and possible additional statutory damages of up to **SIX HUNDRED DOLLARS ($600.00)** in accordance with California Code of Civil Procedure Section 1174(b), as a result of your failure to comply with the terms of this notice.

The premises herein referred to is situated in the City of Los Angeles, County of Los Angeles State of California, designated by the number and street as 9017 Cresta Drive.

You are further notified that the undersigned does elect to declare the forfeiture of your lease or rental agreement under which you hold possession of the above-described premises.

Payment must be made to the owner/agent at the following address:
Ricardo Talamantes of L2 Realty Group Inc.
13560 Sunshine Avenue
Whittier, CA 90605

Telephone number for the above-address: (213) 910-2723.
Payments made in person shall be delivered to owner/agent between the hours on the following days of the week: MONDAY THROUGH FRIDAY between the hours of 9:00 A.M. to 5:00 P.M.

3 Day Period for Payment of Rent **EXCLUDES** Saturdays, Sundays, and all Legal Holidays.
There is a 24-hour drop box available at said location for your convenience.

**Be Advised that there has not been ANY communication from Tenant to Landlord as to why rent has not been paid for this period.**

Dated:9/8/2023

By: _____
Landlord/Owner/Agent



# PROOF OF SERVICE

Reference Case: <u>L2 Realty Group Inc. vs 9017 CR DR LLC; Benjamin Nahimson</u>

Address: <u>9017 Cresta Drive, Los Angeles, CA 90035</u>

I, the undersigned, declare that at the time of service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following checked notice:

___**X**___ **THREE-DAY NOTICE TO PAY RENT OR QUIT**

_____**THIRTY-DAY NOTICE OF TERMINATION OF TENANCY**

_____**OTHER**

_____

_____By **DELIVERING PERSONALLY** a copy of the Notice to the following resident(s):

_____

_____By **LEAVING** a copy of the Notice for _____

With _____

Being a person of suitable age and discretion, at the residence or usual place of business of the residents, being absent thereof,

AND MAILING by first class mail on said date, a copy to each resident by depositing said copies in the United States Mail, in a sealed envelope, with postage full prepaid, addressed to the above-name residents at their place of residence.

___**X**___ By **POSTING** a copy for each of the above-named residents in a conspicuous place on the property therein descrioed, there being no person of suitable age or discretion to be found at any known place of residence or business of said residents; **On 9/11/2023 at 7:27 PM.**

AND MAILING by first class mail on the same day posted, a copy to each resident by depositing said copies in the United States Mail, in a sealed envelope with postage fully pre-paid. Addressed to the residents at the place where the property is situated. **On 9/11/2023 at 7:41 PM.**

I declare under penalty of perjury that the forgoing is true and correct and if called as a witness I could testify competently,

Executed this date, <u>9/11/2023</u> at <u>Inglewood, California</u>.    .

Brian Essah – *South Bay Attorney Service*
Los Angeles County Process Server#6211

EXHIBIT 3

**EXHIBIT # 2**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**Reserved for Clerk's File Stamp**

COURTHOUSE ADDRESS:
**Santa Monica Courthouse**
**1725 Main Street, Santa Monica, CA 90401**

PLAINTIFF(S):
**L2 Realty Group LLC**

DEFENDANT(S):
**9017 CR DR, LLC, et al.**

**FILED**
Superior Court of California
County of Los Angeles
**01/08/2024**
David W. Slayton, Executive Officer / Clerk of Court
By: _____S. Hwang_____ Deputy

## JUDGMENT - UNLAWFUL DETAINER

CASE NUMBER:
23SMCV04391

It is hereby ordered that judgment be entered as follows by:    [ X ] The court    [  ] The clerk

Date: 01/08/2024    [  ] By Default    [  ] By Stipulation   [ X ] After Court Trial   [  ] After Jury Trial

Judgment is for: L2 Realty Group LLC
and against 9017 CR DR, LLC, Benjamin Nachimson

[  ] Joint and several

| | | | | |
|---|---|---|---|---|
| Past Due Rent | $46,500.00 | + Holdover Damages | $62,000.00 | = Principal    $108,500.00 |

Attorney Fees:    $1,000.00    Costs:    $240.00
Recovery Costs:    $    Other:    $
Total Judgment amount:    $109,740.00

[ X ] Restitution and possession of the premises located at        9017 Cresta Drive
                                                                  Los Angeles, CA 90035
[X ] Judgment of possession applies to any and all unnamed occupants of the premises pursuant to C.C.P. 415.46
[ X ] The lease or agreement under which the aforesaid property is held be, and the same is hereby declared, forfeited.
[  ] The rental agreement under which the aforesaid property is held be, and the same is hereby declared, cancelled.
[  ] Execution is stayed as follows:
     [  ] No lock out prior to

David W. Slayton, Executive Officer / Clerk of Court

S. Hwang

Deputy Clerk

**JUDGMENT - UNLAWFUL DETAINER**

**EXHIBIT # 3**

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 232315 | FOR COURT USE ONLY |
|---|---|---|

NAME: Kam Kooshki
FIRM NAME: Law Offices of Whitbeck, Kooshki & Zreik LLP
STREET ADDRESS: 21515 Hawthorne Blvd. Suite #1130
CITY: Torrance    STATE: CA    ZIP CODE: 90503
TELEPHONE NO.: 888-972-9477    FAX NO.: 310-540-1112
EMAIL ADDRESS: kam.kooshki@wkzlaw.com
ATTORNEY FOR (name): Plaintiff, L2 Realty Group LLC
[ x ] ATTORNEY FOR  [ x ] ORIGINAL JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Monica 90301
BRANCH NAME: West District

| PLAINTIFF/PETITIONER: L2 Realty Group LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: 9017 CR DR, LLC | 23SMCV04391 |

| WRIT OF | [ ] EXECUTION (Money Judgment) | [ ] Limited Civil Case (including Small Claims) |
|---|---|---|
| | [ x ] POSSESSION OF   [ ] Personal Property | [ x ] Unlimited Civil Case (including Family and Probate) |
| | [ ] SALE   [ x ] Real Property | |

1. To the Sheriff or Marshal of the County of: Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): L2 Realty Group LLC
   is the [ x ] original judgment creditor [ ] assignee of record   whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   9017 CR DR, LLC
   9017 Cresta Drive
   Los Angeles, CA 90035

   [ x ] Additional judgment debtors on next page

5. Judgment entered on (date): January 8, 2024
   (See type of judgment in item 22.)

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ:
   a. [ x ] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

9. [ x ] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
    For items 11–17, see form MC-012 and form MC-013-INFO.

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 0.00 |
| 12. Costs after judgment (CCP 685.090) | $ | 0.00 |
| 13. Subtotal (add 11 and 12) | $ | 0.00 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 0.00 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 0.00 |
| 17. Fee for issuance of writ (per GC 70626(a)(I)) | $ | 40.00 |
| 18. Total amount due (add 15, 16, and 17) | $ | 40.00 |

19. Levying officer:
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) ................  $  0.00
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) ................  $  0.00

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

David W. Slayton, Executive Officer/Clerk of Court

Date: _01/24/2024_    Clerk, by _A. Mejia_, Deputy

[SEAL]

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EJ-130

| Plaintiff/Petitioner: L2 Realty Group LLC | CASE NUMBER: |
|---|---|
| Defendant/Respondent: 9017 CR DR, LLC | 23SMCV04391 |

21. ☒ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

Benjamin Nachimson
9017 Cresta Drive
Los Angeles, CA 90035

22. The judgment is for *(check one):*

a. ☐ wages owed.
b. ☐ child support or spousal support.
c. ☒ other. Default/Non-Jury Trial/Stipulation of Judgement for Possession of Real Property

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989-994)

a. *on (date):*
b. name, type of legal entity if not a natural person, and
   last known address of joint debtor:

a. *on (date):*
b. name, type of legal entity if not a natural person, and
   last known address of joint debtor:

c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☒ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

a. ☒ Possession of real property: The complaint was filed on *(date):* September 19, 2023
   *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

   (1) ☒ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
       judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

   (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

   (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
       judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
       to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
       415.46 and 1174.3(a)(2).)*

   (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
       not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

       (a) The daily rental value on the date the complaint was filed was $

       (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner: L2 Realty Group LLC | CASE NUMBER: |
| Defendant/Respondent: 9017 CR DR, LLC | 23SMCV04391 |

25. b. ☐ Possession of personal property.

       ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

   c. ☐ Sale of personal property.

   d. ☐ Sale of real property.

   e. The property is described   ☒ below   ☐ on Attachment 25e.
      9017 Cresta Drive
      Los Angeles, CA 90035

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

EJ-130 [Rev. September 1, 2020]           **WRIT OF EXECUTION**           Page 3 of 3

**EXHIBIT # 4**

FILED & ENTERED

MAR 28 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**9017 CR DR, LLC,**<br><br><div align="center">Debtor.</div> | Case No.: 2:22-bk-16626-BR<br><br>Chapter 7<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO THE SHOW CAUSE HEARING WHY: (1) THIS CASE SHOULD NOT BE DISMISSED AS AN ABUSIVE FILING; (2) BENJAMIN S. NACHIMSON SHOULD NOT BE SANCTIONED UNDER RULE 9011 FOR THE BAD FAITH FILING; (3) BENJAMIN S. NACHIMSON SHOULD NOT BE FOUND IN CONTEMPT; AND (4) BENJAMIN S. NACHIMSON SHOULD NOT BE REFERRED TO THE BANKRUPTCY COURT'S DISCIPLINARY PANEL<br><br>DATE:   February 21, 2023<br>TIME:   10:00 am<br>PLACE: Courtroom 1668<br>                255 East Temple Street<br>                Los Angeles, CA 90012 |

This matter is before the Court on its "Order Directing Benjamin S. Nachimson to Personally Appear and Show Cause Why: (1) This Case Should Not be Dismissed as an Abusive Filing; (2) Benjamin S. Nachimson Should Not Be Sanctioned Under Rule 9011 for Bad Faith Filing; (3) Benjamin S. Nachimson Should Not Be Found in Civil Contempt; and (4) Benjamin S. Nachimson Should Not Be Referred to the Bankruptcy Court's Disciplinary Panel for His Conduct in Filing Debtor's Cases" entered on December 28, 2022 (Docket No. 28).  On February 21, 2023, the Court held a hearing related to its order.

The order directed Mr. Nachimson to personally appear at the February 21, 2023 hearing and file a response to the order by February 7, 2023. Appearances at the hearing were as follows: Benjamin S. Nachimson appeared on his own behalf; Ron Maroko appeared on behalf of the United States Trustee.

Pursuant to its February 21, 2023 hearing, the Court makes the following findings of fact and conclusions of law as to why: (1) this case should not be dismissed as an abusive filing; (2) Benjamin S. Nachimson should not be sanctioned under Federal Rule of Bankruptcy Procedure Rule 9011 for the bad faith filing; (3) Benjamin S. Nachimson should not be found in contempt; and (4) Benjamin S. Nachimson should not be referred to the Bankruptcy Court's Disciplinary Panel.

**FINDINGS OF FACT**

1.    Mr. Nachimson did not file a response by February 7, 2023 as directed by the order (Docket No. 28).

2.    Mr. Nachimson is an attorney licensed to practice law in the State of California under the bar number 166690.

3.    Debtor, 9017 CR DR, LLC, was organized on September 13, 2019. Mr. Nachimson is listed as the Manager of the debtor according to Statement of Information filed with the California Secretary of State on September 20, 2019.

4.    Debtor has an interest in real property identified as 9017 Cresta Drive, Los Angeles, CA, 90035 ("Cresta Property"), which it acquired via quitclaim deed on November 22, 2019. The quitclaim deed recites that Benjamin Nachimson and Susan Nachimson, husband and wife as joint tenants, grant the debtor, 9017 CR DR, LLC, all of their rights, title, and interest in the real property. Mot. for Relief from the Automatic Stay, Ex. 4, 2:20-bk-10619-RK, ECF 7. Susan Nachimson acquired the property on June 29, 2007. Mot. for Relief from the Automatic Stay, Ex. 1, 2:20-bk-10619-RK, ECF 7.

5.    The Cresta Property is the personal residence of Mr. Nachimson and his spouse Susan Rachel Nachimson.

6.    On December 5, 2022, the debtor filed a chapter 7 bankruptcy petition, which was assigned Case No. 2:22-bk-16626-BR. Mr. Nachimson signed the petition on behalf of the debtor as the representative authorized to request bankruptcy relief with the title "Managing Member." Bankr. Pet., 4, 2:22-bk-16626-BR. ECF No. 1.

7.    Mr. Nachimson also signed the petition as debtor's counsel. Bankr. Pet., 5, 2:22-bk-16626-BR, ECF 1.

8.    The petition filed on December 5, 2022 is the sixth petition that debtor has filed with Mr. Nachimson as signatory since the debtor was organized in 2019. These cases are:

| Debtor Name | Date Filed | Case No. | Disposition |
|---|---|---|---|
| 9017 CR DR, LLC | November 24, 2019 | 2:19-bk-23822-ER | Dismissed on December 19, 2019. |
| 9017 CR DR, LLC | December 23, 2019 | 2:19-bk-24932-RK | Dismissed on January 14, 2020. |
| 9017 CR DR, LLC | January 21, 2020 | 2:20-bk-10619-RK | Dismissed on March 5, 2020. |
| 9017 CR DR, LLC | September 30, 2021 | 2:21-bk-17007-BR | Dismissed on October 13, 2021. |
| 9017 CR DR, LLC | October 30, 2022 | 2:22-bk-15944-BR | Dismissed on November 22, 2022. |
| 9017 CR DR, LLC | December 5, 2022 | 2:22-bk-16626-BR (the current case) | Dismissed on December 22, 2022 permanently barring the debtor from filing any subsequent bankruptcies. |

9.    Before the debtor was even formed or title to the Cresta Property was transferred to the debtor, Mr. Nachimson and his spouse Susan Rachel Nachimson filed four additional bankruptcy petitions involving the Cresta Property. These cases are:

///

///

///

3

| Debtor Name | Date Filed | Case No. | Disposition |
|---|---|---|---|
| Benjamin Nachimson | May 17, 2019 | 2:19-bk-15743-WB | Dismissed on June 11, 2019. |
| Benjamin Nachimson | June 21, 2019 | 2:19-bk-17227-NB | Dismissed on September 3, 2019. |
| Susan Rachel Nachimson | July 23, 2019 | 2:19-bk-18524-SK | Dismissed on August 15, 2019. |
| Susan Rachel Nachimson | August 20, 2019 | 2:19-bk-19739-SK | Dismissed on November 19, 2019 with a 180-day bar against refiling. |

*The Previous Petitions Were Abusive Filings*

10.      Case No. 2:19-bk-15743-WB ("first bankruptcy") filed on May 7, 2019 was a chapter 13 case filed by Mr. Nachimson. Bankr. Pet., at 1, 6, 2:19-bk-15743-WB, ECF 1. An order dismissing the bankruptcy for failure to file the required statements and schedules was entered on June 4, 2019. Ord. and Notice of Dismissal, 2:19-bk-15743-WB, ECF 9.

11.      Case No. 2:19-bk-17227-NB ("second bankruptcy") filed on June 6, 2021 was also a chapter 13 case filed by Mr. Nachimson. Bankr. Pet., at 1, 6, 2:19-bk-17227-NB, ECF 1. An order dismissing the bankruptcy for failure to file the required statements and schedules was entered on July 9, 2019. Ord. and Notice of Dismissal, 2:19-bk-17227-NB, ECF 11.

12.      Question nine of the petition form asks debtors if they have filed for bankruptcy within the last eight years. In response to question nine, Mr. Nachimson checked the box for "no." Bankr. Pet., at 3, 2:19-bk-17227-NB, ECF 1. Considering that the second bankruptcy was filed a mere two days after the order dismissing the first bankruptcy was entered, it is obvious that Mr. Nachimson made a false statement when answering question nine. As signatory on both the first bankruptcy petition and the second bankruptcy petition, Mr. Nachimson had knowledge of the first bankruptcy petition.

13.     Case No. 2:19-bk-18524-SK ("third bankruptcy") was a chapter 13 case filed on July 23, 2019 by Susan Rachel Nachimson. Bankr. Pet., at 6, 2:19-bk-18524-SK, ECF 1. Mr. Nachimson also signed the petition as Ms. Nachimson's attorney. Bankr. Pet., at 7, 2:19-bk-18524-SK, ECF 1. An order dismissing the bankruptcy for failure to file the required statements and schedules was entered on August 12, 2019. Ord. and Notice of Dismissal, 2:19-bk-18524-SK, ECF 11.

14.     Case No. 2:19-bk-19739-SK ("fourth bankruptcy") was a chapter 13 case filed on August 20, 2019 by Susan Rachel Nachimson, again with Mr. Nachimson signing as Ms. Nachimson's attorney. Bankr. Pet., at 6, 7 2:19-bk-19739-SK, ECF 1.

15.     The signature pages on the fourth bankruptcy petition are dated July 23, 2019, which is the same date the third bankruptcy was filed. This indicates to the Court that at the very least, the signature pages, if not the petitions themselves, were re-used between the third and fourth bankruptcies.

16.     On the petition for the fourth bankruptcy, Ms. Nachimson indicated that she had not filed for bankruptcy within the past eight years. Bankr. Pet., at 3, 2:19-bk-19739-SK, ECF 1. The third bankruptcy was filed by Ms. Nachimson less than a month before the fourth bankruptcy was filed. Ms. Nachimson's response to question nine of the bankruptcy petition was false, and this false statement was ratified by Mr. Nachimson as her attorney. Later, on September 3, 2019, Ms. Nachimson filed a statement of related cases which included the case number of the third bankruptcy. Statement of Related Cases, 2:19-bk-19739-SK, ECF 9.

17.     On November 13, 2019, Judge Klein entered her "Order and Notice of Dismissal Arising From Chapter 13 Confirmation Hearing [11 U.S.C. § 109(g)]" dismissing the bankruptcy and barring Susan Rachel Nachimson from filing any new bankruptcy petition within 180 days of the order. Ord. and Notice of Dismissal, 2:19-bk-19739-SK, ECF 16.

18.     Undaunted by the 180-day bar against filing, Mr. Nachimson formed the debtor, transferred the title of the Cresta Property to the debtor, and continued to file

1  | bankruptcy petitions involving the Cresta Property.

2  |    19.    Case No. 2:19-23822-ER ("fifth bankruptcy") was a chapter 7 case filed on

3  | November 24, 2019 by the debtor. Bankr. Pet., at 1, 2:19-23822-ER, ECF 1. Mr.

4  | Nachimson signed the petition as both the representative of the debtor, listing his title as

5  | "Member" and as the debtor's attorney. Bankr. Pet., at 4, 2:19-23822-ER, ECF 1. An order

6  | dismissing the bankruptcy for failure to file the required statements and schedules was

7  | entered on December 19, 2019. Ord. and Notice of Dismissal, 2:19-23822-ER, ECF 9.

8  |    20.    On December 23, 2019, a mere four days after the fifth bankruptcy was

9  | dismissed, debtor filed another chapter 7 case which was given the number 2:19-bk-

10 | 24932-RK ("sixth bankruptcy"). Bankr. Pet., at 1, 2:19-bk-24932-RK, ECF 1. Again, Mr.

11 | Nachimson signed the petition as the debtor's representative listing his title as "Member"

12 | and also signed the petition as the debtor's attorney. Bankr. Pet., at 4, 2:19-bk-24932-RK,

13 | ECF 1. Mr. Nachimson listed the fifth bankruptcy as a prior bankruptcy case on the

14 | petition. Bankr. Pet., at 2, 2:19-bk-24932-RK, ECF 1. An order dismissing the bankruptcy

15 | for failure to file the required statements and schedules was entered on January 10, 2020.

16 | Ord. and Notice of Dismissal, 2:19-bk-24932-RK, ECF 7.

17 |    21.    Case No. 2:20-bk-10619-RK ("seventh bankruptcy") was a chapter 7 case

18 | filed on January 21, 2020 by the debtor with Mr. Nachimson signing as the debtor's

19 | representative as "Member" and also signing as the debtor's attorney. Bankr. Pet., at 4,

20 | 2:20-bk-10619-RK, ECF 1. In response the question of whether prior bankruptcies were

21 | filed by the debtor within the past eight years, Mr. Nachimson listed the fifth bankruptcy,

22 | but gave no indication of the sixth. Bankr. Pet., at 2, 2:20-bk-10619-RK, ECF 1. An order

23 | dismissing the seventh bankruptcy for failure to file the required statements and schedules

24 | was entered on February 6, 2020. Ord. and Notice of Dismissal, 2:20-bk-10619-RK, ECF

25 | 10.

26 |    22.    In the previous bankruptcies, creditors of the Cresta Property had filed relief

27 | from stay motions to no avail as the debtor was dismissed before the motion could be

28 | heard and relief could be granted. In the seventh bankruptcy, creditors requested in rem

relief and annulment of the automatic stay. Notice of Intent to Proceed with in Rem Mot.

for Relief and Req. for Annulment, at 2, 2:20-bk-10619-RK, ECF 12. Judge Kwan granted

the motion in part finding that the filing of the bankruptcy petition violated 11 U.S.C. §

362(d)(4) and was "part of a scheme to hinder, delay, or defraud creditors." Ord. Granting

Mot. for Relief from the Automatic Stay, at 2, 2:20-bk-10619-RK, ECF 17. Judge Kwan

specifically found that the debtor was involved in the scheme which included transferring

the property to the debtor without the consent of the secured creditor or the court and filing

multiple bankruptcy cases affecting the Cresta Property. Ord. Granting Mot. for Relief from

the Automatic Stay, at 2, 2:20-bk-10619-RK, ECF 17. The order stated that the automatic

stay was terminated as to the debtor and the debtor's estate, and that no further automatic

stay shall arise as to the property, or any bankruptcy case commenced by or against the

debtor for 180 days. Ord. Granting Mot. for Relief from the Automatic Stay, at 2, 3, 2:20-

bk-10619-RK, ECF 17.

     23.    Despite being found to be part of a scheme to hinder or delay creditors in

violation of 11 U.S.C. § 362(d)(4) in the seventh bankruptcy, Case No. 2:21-bk-17007-BR

("eighth bankruptcy") was filed by the debtor on September 3, 2021. Bankr. Pet., at 1,

2:21-bk-17007-BR, ECF 1. The eighth bankruptcy was a chapter 7 case and Mr.

Nachimson signed as the debtor's representative listing his title as "Managing Member"

and also signed the petition as the debtor's attorney. Bankr. Pet., at 4-5, 2:21-bk-17007-

BR, ECF 1. Mr. Nachimson indicated only one prior bankruptcy on the petition, the

seventh bankruptcy. Bankr. Pet., at 3, 2:21-bk-17007-BR, ECF 1.

     24.    After initially dismissing the eighth bankruptcy case for failure to file the

required statements and schedules, the dismissal was vacated in September 2021.  2:21-

bk-17007-BR, ECF 14, 15. Creditors had again moved for a relief from stay which was

granted. 2:21-bk-17007-BR, ECF 10, 21. In its order granting relief from stay, this Court

also found that debtor violated 11 U.S.C. § 362(d)(4) by filing a petition that was part of

scheme to hinder, delay, or defraud creditors, and that the scheme involved the debtor.

Ord. Granting Mot. for Relief from the Automatic Stay, at 2, 2:21-bk-17007-BR, ECF 21.

1    The order provided that the automatic stay would not arise as to the property in any case

2    commenced by or against the debtor, or any debtor who claimed any interest in the

3    property for 180 days. Ord. Granting Mot. for Relief from the Automatic Stay, at 3, 2:21-bk-

4    17007-BR, ECF 21.

5        25.    Amazingly, debtor filed another chapter 7 petition on October 30, 2022 which

6    was assigned Case No. 2:22-bk-15944-BR ("ninth bankruptcy"). Mr. Nachimson signed

7    this bankruptcy as debtor's representative, stating his title was "Managing Member" and

8    again signed the petition as attorney for the debtor. Bankr. Pet., at 4, 2:22-bk-15944-BR,

9    ECF 1.

10       26.    In the ninth bankruptcy, Mr. Nachimson answered "yes" as to whether the

11   debtor had filed bankruptcy in the previous eight years but did not list any corresponding

12   case numbers. Bankr. Pet., at 3, 2:22-bk-15944-BR, ECF 1.

13       27.    An order dismissing the ninth bankruptcy for failure to file the required

14   statements and schedules was entered on November 21, 2022. Ord. and Notice of

15   Dismissal, 2:22-bk-15944-BR, ECF 6.

16       *The Current Bankruptcy Petition is an Abusive Filing*

17       28.    Two weeks after the ninth bankruptcy was dismissed, on December 5, 2022,

18   debtor filed the current bankruptcy ("tenth bankruptcy"), which was given the Case No.

19   2:22-bk-16626-BR. Like the other petitions filed by debtor, this bankruptcy was a chapter

20   7. Bankr. Pet., at 2, 2:22-bk-16626-BR, ECF 1. Mr. Nachimson signed the petition as

21   representative of the debtor, listing his title as "Manager" and then signed again as

22   debtor's counsel. Bankr. Pet., at 4-5, 2:22-bk-16626-BR, ECF 1. This petition, like the

23   others, was missing the required statements, schedules, and declarations. Bankr. Pet.,

24   2:22-bk-16626-BR, ECF 1-1.

25       29.    On December 19, 2022 the United States Trustee filed an "Application for

26   Issuance of an Order Directing Benjamin S. Nachimson in His Capacities as Manager of

27   Debtor and Attorney for Debtor to: Personally Appear and Show Cause Why: (1) This

28   Case Should Not Be Dismissed as an Abusive Filing; (2) Benjamin S. Nachimson Should

8

1    Not be Sanctioned Under Rule 9011 for the Bad Faith Filing; (3) Benjamin S. Nachimson

2    Should Not Be Found in Contempt; and (4) Benjamin S. Nachimson Should Not Be

3    Referred to the Bankruptcy Court's Disciplinary Panel for His Conduct in Filing Debtor's

4    Cases." UST Appl. for Issuance of an Ord., 2:22-bk-16626-BR, ECF 14. This pleading

5    outlined the multiple bankruptcies described above.

6        30.    In response to the United States Trustee's application for order, Mr.

7    Nachimson filed an *ex parte* application. Ex Parte Application Re: Dismissal of Case, 2:22-

8    bk-16626-BR, ECF 18. Mr. Nachimson admitted that the purpose of the current bankruptcy

9    petition was to allow time for the debtor to obtain a loan to refinance the Cresta Property.

10   Ex Parte Application Re: Dismissal of Case, 1:26-28, 2:22-bk-16626-BR ECF 18.

11       31.    On December 22, 2022, this Court entered an order dismissing the case,

12   retaining jurisdiction over all issues involving sanctions and barring the debtor permanently

13   from filing any subsequent bankruptcies. Ord. Granting Ex Parte Application Re: Dismissal

14   of Case, at 2:6-10, 2:22-bk-16626-BR, ECF 18.

15       32.    To the extent any of the above findings of fact contain conclusions of law,

16   they shall be deemed to be conclusions of law; to the extent that any of the following

17   conclusions of law contain findings of fact, they shall be deemed to be findings of fact.

18                              **Conclusions of Law**

19       *Mr. Nachimson Violated Federal Rule of Bankruptcy Procedure 9011*

20       33.    Rule 9011 is violated when a petition is presented for an improper purpose,

21   "such as to harass or cause unnecessary delay or needless increase in the cost of

22   litigation." FED. R. BANKR. P. 9011(b)(1). "If a court finds that a motion or paper, other than

23   a complaint, is filed in the context of a persistent pattern of clearly abusive litigation

24   activity, it will be deemed to have been filed for an improper purpose and sanctionable."

25   *Aetna Life Ins. Co. v. Alla Med. Servs. Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988). Here,

26   there is a persistent pattern of abusive filings.

27       34.    As detailed above, Mr. Nachimson has caused the debtor to file multiple

28   bankruptcy petitions since 2019. Prior to the debtor's filings, Mr. Nachimson and his

1  spouse, Susan Rachel Nachimson, filed four bankruptcy petitions. In all of these cases,

2  the petitions did not include the required schedules and statements.

3      35.    Based on a review of all of these petitions and their missing documents, as

4  well as Mr. Nachimson's own admission in his *ex parte* application in the current

5  bankruptcy that the petition was filed to allow time to refinance the Cresta Property, the

6  Court concludes that the debtor's bankruptcies, as well as those filed by Mr. Nachimson

7  personally and those filed by Susan Rachel Nachimson were part of a scheme hinder or

8  delay creditors. Mr. Nachimson devised that scheme.

9      36.    Mr. Nachimson signed and filed the current petition for an improper purpose.

10      37.    Mr. Nachimson improperly used the bankruptcy process so that he could

11  personally obtain the benefits of the automatic stay.

12      38.    Mr. Nachimson failed to disclose prior bankruptcies on the debtor's current

13  petition.

14      39.    For his violation of Rule 9011, referral to the Bankruptcy Court's Disciplinary

15  Panel is a sufficient sanction.

16                   **Contempt and Disciplinary Proceedings**

17      40.    While Mr. Nachimson's behavior over the course of these petitions is

18  egregious, the Court does not conclude he should be held in civil contempt.

19      41.    For all the reasons stated above, this Court will be referring Mr. Nachimson

20  to the Bankruptcy Court's Disciplinary Panel.

21

22

23  Date: March 28, 2023

24

25  Barry Russell
    United States Bankruptcy Judge

26

27

28