| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Sammy Zreik, Esq 249020<br>Whitbeck, Kooshki & Zreik LLP<br>21515 Hawthorne Blvd. Suite 1130<br>Torrance, Ca 90503<br>888-972-9477<br>Sammy.zreik@wkzlaw.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAR 15 2024**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** sumlin    **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br><br>BENJAMIN SETH NACHIMSON<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: **2:24-11246-NB**<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362**<br>**(UNLAWFUL DETAINER)**<br><br>DATE: March 12, 2024<br>TIME: 10:00am<br>COURTROOM:1545<br>PLACE: 255 E Temple Street<br>Los Angeles, CA 90012 |
|---|---|

**Movant:** L2 REALTY GROUP LLC

1. The Motion was:    ☐ ~~Opposed~~    ☒ Unopposed    ☐ Settled by stipulation

2. This order applies to the following real property (Property):

    Type of property:    ☒ Residential    ☐ Nonresidential
    *Street Address:9017 Cresta*
    *Unit/Suite number:*
    *City, State, Zip Code: Los Angeles, Ca 90035*

3. The Motion is granted under:
    a.    ☒ 11 U.S.C. § 362(d)(1)
    b.    ☐ 11 U.S.C. § 362(d)(2)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                Page 1                                                                F 4001-1.RFS.UD.ORDER

- c. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
  - (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
  - (2) ☒ Multiple bankruptcy cases affecting the Property.
  - (3) ☒ The court  ☒ makes  ☐ does not make  ☐ cannot make  a finding that the Debtor was involved in this scheme.
  - (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ <u>As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:</u>
   - a. ☒ <u>Terminated as to the Debtor and the Debtor's bankruptcy estate.</u>
   - b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   - c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ <u>The 14-day stay prescribed by FRBP 4001(a)(3) is waived.</u>

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ ~~This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.~~ <u>[The undersigned Bankruptcy Judge does not grant this form of "in rem" relief, but does grant alternative forms of in rem relief – see paragraph 3.c. above.]</u>

~~12.~~ ☐ ~~This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.~~
   - a. ☐ ~~without further notice.~~
   - b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 2                              F 4001-1.RFS.UD.ORDER

13. ☐ ~~A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.~~

    a. ☐ ~~without further notice.~~

    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*):

    <u>For completeness of the record, p</u>~~P~~lease see the tentative ruling on March 12. 2024 attached as Exhibit #1

###

Date: March 15, 2024

Neil W. Bason
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                           Page 3                           F 4001-1.RFS.UD.ORDER

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

| | |
|---|---|
| **Tuesday, March 12, 2024** | **Hearing Room 1545** |

10:00 AM
**2:24-11246    Benjamin Seth Nachimson                                          Chapter 13**

#14.00    Cont'd hrg re: Motion for relief from stay [UD]
         fr. 3/5/24

         L2 REALTY GROUP LLC
         vs
         DEBTOR

                              Docket      19

**Tentative Ruling:**

   **Tentative Ruling for 3/12/24:**
   Grant as set forth below, subject to any opposition which may be presented at the hearing.  Appearances required.

          Proposed order(s): Unless otherwise ordered, Movant is directed to lodge proposed order(s) on the foregoing matter(s) via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

   If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for all matters on calendar, please see page 1 of the posted tentative rulings.

   Key documents reviewed (in addition to motion papers): N/A (no opposition on file as of the preparation of this tentative ruling)

   Sufficiency of service
          The tentative ruling is that Movant has substantially corrected the service deficiencies that necessitated a continuance of the hearing.  Movant has served Debtor at both the address listed on his bankruptcy petition (1100 Glendon Ave., 15th Floor, Los Angeles, CA 90024) and his residential address (9017 Cresta Dr., Los Angeles, CA 90035).  Dkt. 21 at PDF pp.

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, March 12, 2024**　　　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room　1545**

10:00 AM
**CONT...　　Benjamin Seth Nachimson　　　　　　　　　　　　　　　　　　　　Chapter 13**

39–41.  Movant did <u>not</u> separately serve 9017 CR Dr, LLC which has filed six prior bankruptcy cases in which it asserted an interest in the Property.  However, Debtor signed each of the six petitions filed by 9017 CR Dr, LLC as its authorized representative.  *See* dkt. 19, Ex. 4 at pp. 3–4 (determinations made by the Hon. Barry Russell regarding 9017 CR Dr, LLC's history of abusive filings to prevent creditors from exercising their remedies with respect to the Property).  The tentative ruling is that service upon Debtor provided sufficient notice to 9017 CR Dr, LLC of the relief sought in the R/S Motion.

　　Similarly, Movant did not separately serve Susan Nachimson, who is Debtor's spouse and who also resides at the Property.  *See id.* at p. 2 ("The Cresta Property is the personal residence of Mr. Nachimson and his spouse Susan Rachel Nachimson.").  However, the R/S Motion was served upon Debtor at the Property.  The tentative ruling is that service of the R/S Motion at the address where Ms. Nachimson resides provided her sufficient notice of the relief sought.

<u>The automatic stay does not apply</u>
　　The movant obtained a prepetition eviction judgment (dkt. 19, Ex. 2) and writ of possession (dkt. 19, Ex. 3).  *See In re Perl*, 811 F.3d 1120, 1127-28 (9th Cir. 2016) ("We conclude that under California law, entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue.").

　　In the alternative and in addition, the tentative ruling is to grant relief from the automatic stay as follows.

　　<u>Note regarding mootness</u>: As provided in the posted "Procedures of Judge Bason" (available at www.cacb.uscourts.gov), the tentative ruling is that a motion for relief from the automatic stay is *not mooted* even when the tentative ruling is that the stay no longer exists, for the following reasons:

　　　　a. <u>Multiple, alternative grounds for relief should all be reached</u>.  When a motion seeks the same relief on multiple alternative grounds, all of those grounds usually should be ruled on because a tentative or final ruling on any one ground might be reversed or altered later on.  For example, movants often seek a ruling that the automatic stay does not prevent them from pursuing their remedies both (i) because the stay does

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, March 12, 2024**                                                      Hearing Room   1545

<u>10:00 AM</u>
**CONT...**   **Benjamin Seth Nachimson**                                                  **Chapter 13**

        not apply (*e.g.,* after dismissal of the bankruptcy case, per 11 U.S.C. §§ 349(b)(3), 362(c)) and alternatively (ii) because relief from the stay is appropriate (under 11 U.S.C. § 362(d)).  If the first ground later turns out to be reversed or altered (*e.g.,* if a dismissal is vacated), the movant would be prejudiced if this Court had refused to reach the movant's alternative argument that the stay should be lifted.  *See also, e.g., In re Krueger,* 88 B.R. 238, 241-42 (9th Cir. BAP 1988) (notwithstanding dismissal, stay held to continue due to lack of proper notice re dismissal).

    b. <u>Annulment, *in rem* relief, etc</u>.  Some matters always remain relevant, notwithstanding dismissal, closing of a case, or other grounds on which the stay might not currently exist.  *See In re Aheong,* 276 B.R. 233 (9th Cir. BAP 2002).

For the foregoing reasons, the tentative ruling is that it is appropriate to address the following issues.

<u>Termination</u>
Terminate the automatic stay under 11 U.S.C. 362(d)(1) and (d)(4).
To the extent, if any, that the motion seeks to terminate the automatic stay in *other* past or pending bankruptcy cases, such relief is denied on the present record.  *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

<u>Co-debtor stay</u>
Any co-debtor stay (11 U.S.C. 1301(c)) has not been shown to have any basis for any different treatment from the stay under 11 U.S.C. 362(a), so the tentative ruling is to grant the identical relief regarding any co-debtor stay.

<u>Relief notwithstanding *future* bankruptcy cases</u>
Grant the following relief pursuant to the legal analysis in *In re Vazquez,* 580 B.R. 526 (Bankr. C.D. Cal. 2017), and/or *In re Choong* (case no. 2:14-bk-28378-NB, docket no. 31), as applicable:

If this order is duly recorded in compliance with applicable State laws governing notices of interests or liens in the property at issue, then no automatic stay shall apply to such property in any bankruptcy case purporting to affect such property and filed within two years after the date of entry of this order, unless otherwise

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, March 12, 2024**  **Hearing Room  1545**

10:00 AM
**CONT...**   **Benjamin Seth Nachimson**                                                                **Chapter 13**

ordered by the court presiding over that bankruptcy case.
  For the avoidance of doubt, any acts by the movant to obtain exclusive possession of such property shall not be stayed, including any eviction actions, through and including any lockout or other enforcement by the Sheriff or other authorized legal authority.
  Note: Per the Posted Procedures of Judge Bason (available at www.cacb.uscourts.gov) this Court's order will state that the Court "does not make" a finding that Debtor was involved in the "scheme" referenced in section 362(d)(4), unless there is sufficient evidence that Debtor was involved <u>and</u> Debtor is given clear notice that the movant seeks an express finding that Debtor was involved. The tentative ruling in this particular case is that there <u>is</u> sufficient evidence and notice.

<u>Annulment</u>
  Movant checked the form box requesting annulment of the automatic stay retroactive to the petition date (dkt. 19, p. 5, para. 4), but has not provided any explanation of what actions Movant purportedly took postpetition that may have violated the automatic stay. At the 3/5/24 hearing, this Court informed Movant that unless he filed and served a supplemental declaration providing this missing information, the request for annulment would be denied. Because Movant did not timely file any such supplemental declaration, the tentative ruling is to deny the request for annulment.

<u>Limitation on relief, absent a request for more comprehensive relief</u>
  The foregoing relief only applies to this current bankruptcy case and any future bankruptcy cases, as distinguished from past or pending bankruptcy cases. This Court recognizes that this creates the potential for a debtor (possibly in collusion with others) endlessly to file bankruptcy cases before motions for relief from the automatic stay can be heard, or file bankruptcy cases without notifying a creditor until it is too late for that creditor to act.
  In extremely rare instances this Court has been persuaded to grant relief that does apply to past or other pending bankruptcy cases. But such relief must be expressly requested and the proper procedures must be followed. *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

**Tentative Ruling for 3/5/24:**

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, March 12, 2024**                                                                                           **Hearing Room    1545**

10:00 AM
**CONT...     Benjamin Seth Nachimson                                                                            Chapter 13**

Continue to 3/12/24 at 10:00 a.m. for the reasons set forth below. Appearances are not required on 3/5/24. (If you wish to contest the tentative ruling, see the Posted Procedures of Judge Bason, available at www.cacb.uscourts.gov, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

Key documents reviewed (in addition to motion papers): N/A (no opposition on file as of the preparation of this tentative ruling)

Reasons:
    (a) Service on Debtor is not proper
    Movant's proof of service (dkt. 19, pdf pp. 33 & 34) reflects service on Debtor at the address of the subject property but not at the address listed in Debtor's petition papers and on the docket (1100 Glendon Avenue, 15th Floor, Los Angeles, CA 90024) which is the address listed for purposes of providing Debtor notice of matters filed in this bankruptcy case.

    (b) A lack of service on third parties undermines the ability to grant relief notwithstanding *future* bankruptcy cases
    As to the requested relief that will remain effective notwithstanding any future bankruptcy case, continue the motion to the date and time set forth at the start of this tentative ruling, for service on the persons whose interests might be affected by the requested relief (sometimes referred to in the mortgage context as the "original borrower"). Reasons: *See* LBR 4001-1(c)(1)(B). In addition, Judge Bason has due process concerns about granting such relief without service on the person(s) whose interests may be most directly affected. *See generally Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) (due process generally). In this matter, such persons appear to include: 9017 CR DR, LLC and Susan Nachimson. *See* dkt. 19, pdf pp. 23:19-27.

    (c) Option for shortened time to cure service issues described above

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, March 12, 2024**     Hearing Room    **1545**

**10:00 AM**
**CONT...**     **Benjamin Seth Nachimson**     **Chapter 13**

This Court has selected a continued hearing date that contemplates shortened notice (per Rule 9006(c), Fed. R. Bankr. P.) but that date is conditioned on the movant (i) serving, on *the day after the current hearing date*, the motion papers and notice of the continued hearing date, and (ii) filing that notice and a proof of service no later than the next day. Alternatively, the movant may self-calendar a continued hearing on *regular* notice.

The tentative ruling is that if Movant timely complies with the immediately preceding paragraph, oppositions and replies will be due at the hearing.

    (d) Annulment
Movant checked the form box requesting annulment of the automatic stay retroactive to the petition date (dkt. 19, p. 5, para. 4), but has not provided any explanation of what actions Movant purportedly took postpetition that may have violated the automatic stay. The tentative ruling is to deny that request unless Movant files and serves (on the parties set forth in sections "(1)(a)" and "(b)" above) a supplemental declaration providing this missing information *on the day after the current hearing date*.

    (e) Limitation on relief, absent a request for more comprehensive relief
The foregoing relief only applies to this current bankruptcy case and any future bankruptcy cases, as distinguished from past or pending bankruptcy cases. This Court recognizes that this creates the potential for a debtor (possibly in collusion with others) endlessly to file bankruptcy cases before motions for relief from the automatic stay can be heard, or file bankruptcy cases without notifying a creditor until it is too late for that creditor to act.

In extremely rare instances this Court has been persuaded to grant relief that does apply to past or other pending bankruptcy cases. But such relief must be expressly requested and the proper procedures must be followed. *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.